UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREG TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01798-TWP-TAB |
| | ) | |
| CENTURION HEALTH OF INDIANA, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Greg Taylor alleges in this lawsuit that the medical staff at New Castle Correctional

Facility has violated his constitutional rights by forcing him to either participate in mental health

therapy or be punished. Because Mr. Taylor is a prisoner, this Court has an obligation to screen

the complaint before service on the defendants. 28 U.S.C. 00A7 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a

claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Taylor asserts claims for damages and injunctive relief against four defendants: Centurion Health of Indiana, LLC, Dr. Heather Verdon, Dr. Christina Liedtke, and mental health practitioner Michelle Commander. Centurion contracted to provide medical and mental health treatment to prisoners at all Indiana Department of Correction Facilities. Centurion employs Dr. Verdon, Dr. Liedtke, and Ms. Commander to treat inmates at New Castle Correctional Facility (NCCF). The complaint implies that these defendants were also involved in Mr. Taylor's mental health treatment when he was previously imprisoned at Pendleton Correctional Facility ("Pendleton"). He bases his claims on the following allegations.

Mr. Taylor is confined in an intensive residential treatment (IRT) program. As part of the IRT program, he must participate in ten hours per week of group mental health therapy. If he refuses, he is faced with punishment, including a loss of credit time, demotion in credit-earning class, or movement to a housing unit with more restrictive conditions of confinement.

Mr. Taylor did not consent to being confined in the IRT or to group therapy. He has told the defendants he does not wish to participate in group therapy. During a previous episode at Pendleton, Mr. Taylor told Ms. Commander and Dr. Liedtke he did not wish to participate in treatment, and he was placed in administrative segregation for six months.

Mr. Taylor believes he was transferred from Pendleton to the IRT in retaliation for a grievance he filed against Dr. Verdon. He alleges that his conditions of confinement are inhumane. Inmates in his unit scream and yell; kick their cell doors at all hours and spread feces; and because

the foundation is leaking water from outside, he is exposed to flooding, leaks, and sewage. Centurion is aware of these facts and does nothing.

### III. Discussion of Claims

This action **will proceed** with a First Amendment claim against Dr. Verdon based on the theory that she orchestrated Mr. Taylor's transfer to the IRT in retaliation for his grievance. No retaliation claim will proceed against the other defendants because no allegations indicate that they were involved in or responsible for Mr. Taylor's transfer to the IRT. "Liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Estevez v. Lohman*, No. 21-2928, 2022 WL 2383858, at \*1 (7th Cir. July 1, 2022) (affirming dismissal of complaint at screening; citing *Colbert v. City of Chicago*, 851 F.3d 649, 657–58 (7th Cir. 2017)). Further, Mr. Taylor does not allege that he was transferred because of a Centurion policy, practice, or custom. *See Dean v. Wexford Health Sources*, Inc., 18 F. 4th 214, 235 (7th Cir. 2021) (standard for corporate liability in prisoner civil rights cases).

Any claim based on the theory that Mr. Taylor has been compelled to participate in mental health treatment is **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Taylor cites *Washington v. Harper*, 494 U.S. 210, 227–28 (1990), in which the Supreme Court held that forcible administration of antipsychotic drugs must be accompanied by certain due process protections. But Mr. Taylor cites no authority extending this rule to group therapy, and the Seventh Circuit has indicated that the Constitution does not protect inmates against punishment for refusing to participate in group therapy. *See Isby v. Brown*, 856 F.3d 508, 523 (7th Cir. 2017) (finding that "numerous cases support" the proposition "that an Eighth Amendment violation may be nullified because the inmate could take steps to reduce the harms being inflicted"), citing *Sostre*

3

*v. McGinnis*, 442 F.2d 178, 187, 193–94 (2d Cir. 1971) (conditioning return to general population on participation in group therapy).

To the extent Mr. Taylor alleges that the conditions of his confinement in the IRT violate the Eighth Amendment, that claim is **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Taylor identifies all the defendants as medical or mental health professionals. He does not allege directly, nor does any allegation in the complaint support a reasonable inference, that any of the defendants is directly responsible for or personally involved in plumbing, sanitation, or otherwise maintaining habitable conditions in the IRT.

### IV. Service of Process

The action **will proceed** with a First Amendment claim against Dr. Verdon as discussed in Part III. All other claims are **dismissed**. The **clerk is directed** to **terminate** Centurion, Dr. Liedtke, and Ms. Michelle Commander MHP as defendants.

The claims identified in Part III are the only claims the Court identified when screening the complaint. If Mr. Taylor believes he asserted additional claims that the Court did not address, he must notify the Court **no later than January 31, 2023**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Dr. Verdon in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

The **clerk is directed** to serve Dr. Verdon electronically.

**IT IS SO ORDERED.**

Date: 1/4/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

GREG TAYLOR
883235
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic service to Centurion employee:

    Dr. Heather Verdon